Richard W. Osman, State Bar No. 167993
Sheila D. Crawford, State Bar No. 278292
Lauren E. Wood, State Bar No. 280096
BERTRAND, FOX, ELLIOT, OSMAN & WENZEL
2749 Hyde Street
San Francisco, California 94109
Telephone: (415) 353-0999
Facsimile:  (415) 353-0990
Email: rosman@bfesf.com
        scrawford@bfesf.com
        lwood@bfesf.com

Attorneys for Defendants
CITY OF VACAVILLE, NATHAN BENEVIDES
and DANIEL TORRES

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY TOMELLOSO, RUBEN H. TOMELLOSO,<br><br>        Plaintiff,<br><br>v.<br><br>CITY OF VACAVILLE, NATHAN BENEVIDES, DANIEL TORRES and DOES 1 to 50,<br><br>        Defendants. | Case No.<br><br>**DEFENDANTS' NOTICE OF REMOVAL OF SOLANO COUNTY SUPERIOR COURT CASE NO. FCS055954 UNDER 28 U.S.C. § 1441(A) [Federal Question]** |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

PLEASE TAKE NOTICE that defendants CITY OF VACAVILLE, NATHAN BENEVIDES and DANIEL TORRES (collectively herein the "City Defendants"), hereby remove to this Court the state court action described below:

## I.      BASIS FOR JURISDICTION

This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1331, and which may be removed to this Court pursuant to 28 U.S.C. § 1441(a).   In addition, supplemental jurisdiction exists over the California state law claims under 28 U.S.C. § 1367(a).

## II.      PROCEDURAL BACKGROUND

On January 21, 2021, plaintiffs MARY and RUBEN H. TOMELLOSO ("Plaintiffs") filed an action in the Superior Court of the State of California for the County of Solano, captioned *Mary Tomelloso, et al. v. City of Vacaville, et al.*, Case No. FCS055954 (the "Action").   A true and correct copy of Plaintiffs' Complaint is attached as **Exhibit A**.

The Complaint was served on defendant CITY OF VACAVILLE on February 18, 2021. A true and correct copy of the summons served on the CITY is attached as **Exhibit B**.

Defendants Officers NATHAN BENEVIDES and DANIEL TORRES granted the CITY OF VACAVILLE authority to accept service on their behalf, and the CITY accepted service on February 22, 2021.   A true and correct copy of the summonses directed to Officers BENEVIDES and TORRES and accepted by the CITY is attached as **Exhibit C**.

## III.      BASIS FOR REMOVAL

**A.      Federal Question Jurisdiction**

The Action is removable under 28 U.S.C. § 1441(a) because this is a civil action arising under the laws of the United States. *See* 28 U.S.C. § 1441(a) ("any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant"). Plaintiffs have alleged a cause of action against all defendants for violation of 42 U.S.C. § 1983 (Complaint ¶¶ 23-25 [First Cause of Action]), thus giving rise to a federal claim over which this Court has original jurisdiction.  28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

NOTICE OF REMOVAL OF SOLANO COUNTY SUPERIOR COURT CASE NO. FCS055954
*Tomelloso, et al. v. City of Vacaville, et al. U.S.D.C. Eastern District of California Case No.*

**B.     The Court Has Supplemental Jurisdiction Over Plaintiffs' State Law Claims**

In addition to their claim for violation of 42 U.S.C. § 1983, Plaintiffs allege four causes of action based upon California law: Assault and Battery (Second Cause of Action), False Arrest/Imprisonment (Third Cause of Action), Negligence (Fourth Cause of Action), and Intentional Infliction of Emotional Distress (Fifth Cause of Action) ("California Claims").[1]  (Complaint ¶¶ 26 -41.)

The Court has supplemental jurisdiction over the California Claims pursuant to 28 U.S.C. § 1367.  Plaintiffs' California Claims are so related to Plaintiffs' federal Section 1983 claim, over which the Court has original jurisdiction, "that they form part of the same case or controversy under Article III of the United States Constitution." (28 U.S.C. § 1367(a); *see also Brady v. Brown*, 51 F.3d 810, 816 (9th Cir. 1995) ("Pendent jurisdiction over state claims exists when the federal claim is sufficiently substantial to confer federal jurisdiction, and there is 'a common nucleus of operative fact between the state and federal claims." (citation omitted)).)  Plaintiffs' California Claims are based on the same operative facts as their Section 1983 claim – that the City Defendants allegedly unlawfully searched Plaintiffs' residence and personal property, and unlawfully detained plaintiff RUBEN T. TOMELLOSO while the search was taking place.  (Complaint ¶¶ 11-22.)

### IV.     THE REMOVAL IS TIMELY

The City Defendants have timely removed this matter by filing it within 30 days after service of the initial pleading or summons. (28 U.S.C. § 1446 (b)(1).)

### V.     PLEADINGS IN THE STATE COURT ACTION

As required by 28 U.S.C. § 1446(a), a copy of all pleadings, orders, and process has been filed concurrently herewith.  As noted in Paragraphs 2 through 4 above, true and correct copies of Plaintiffs' Complaint, the Summons served on the CITY OF VACAVILLE, and the Summonses directed to Officers BENEVIDES and TORRES, and accepted by the CITY on their behalf, are attached hereto as **Exhibits A, B,** and **C**, respectively.   A true and correct copy of the Notice of Case Management Conference issued by the Solano County Superior Court is attached hereto as **Exhibit D**.

---

[1] The fourth and fifth causes of action for negligence and intentional infliction of emotional distress are brought by both Plaintiffs; the second and third causes of action for assault and battery and false arrest/false imprisonment are solely alleged by plaintiff RUBEN T. TOMELLOSO.

NOTICE OF REMOVAL OF SOLANO COUNTY SUPERIOR COURT CASE NO. FCS055954
*Tomelloso, et al. v. City of Vacaville, et al. U.S.D.C. Eastern District of California Case No.*

1

## VI.    JURY DEMAND

2

The City Defendants demand a jury trial.

3

4

Dated:  March 19, 2021                                    BERTRAND, FOX, ELLIOT, OSMAN & WENZEL

5

6

By:    _/s/ Richard W. Osman_____

7

Richard W. Osman
Sheila D. Crawford

8

Lauren E. Wood
Attorneys for Defendants

9

CITY OF VACAVILLE, NATHAN BENEVIDES and
DANIEL TORRES

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF REMOVAL OF SOLANO COUNTY SUPERIOR COURT CASE NO. FCS055954
*Tomelloso, et al. v. City of Vacaville, et al. U.S.D.C. Eastern District of California Case No.*

EXHIBIT A

# EXHIBIT A

FILED/ENDORSED
Clerk of the Superior Court

JAN 21 2021

By _____ D. HERTZ
DEPUTY CLERK

**By Fax**

1  EDWARD C. CASEY, JR., ESQ.   CSB: 123702
   Law Offices of Edward C. Casey, Jr.
2  600 Grand Avenue, Suite 305
   Oakland, California 94610
3  Telephone: 510.251.2300

4
   Attorneys for Plaintiff
5  Mary Tomelloso and RUBEN H. Tomelloso

6
7              SUPERIOR COURT OF THE STATE OF CALIFORNIA

8          IN AND FOR SOLANO COUNTY - UNLIMITED JURISDICTION

9
10 MARY TOMELLOSO, RUBEN H.          )   Case No.   **FCS055954**
   TOMELLOSO,                        )
11                                   )   COMPLAINT
                Plaintiffs,          )   FOR DAMAGES
12                                   )
                                     )
13        v.                         )
                                     )   1. Violation of 42 U.S.C.
14 CITY OF VACAVILLE,                )      §1983
   NATHAN BENEVIDES, DANIEL          )   2. Assault and Battery
15 TORRES and DOES 1 TO 50,          )   3. False Arrest/
                                     )      Imprisonment
16            Defendants.            )   4. Negligence
                                     )   5. Intentional Infliction
17                                   )   of Emotional Distress
                                     )
18                                   )
                                     )
19
20      Come now, plaintiff, MARY TOMELLOSO and RUBEN H. TOMELLOSO

21 (collectively "Plaintiffs"), and for causes of action against defendants, and each of them,

22 allege as follows:

23
24
25
26                                  1
27 _____
                     Complaint for Damages

1. At all times mentioned herein, the plaintiff MARY TOMELLOSO (hereinafter "MARY T.") is and at all times mentioned herein was, a citizen of the United States and a resident of Vacaville, Solano County, California.

2. At all times mentioned herein, the plaintiff RUBEN H. TOMELLOSO (hereinafter "RUBEN T.") is and at all times mentioned herein was, a citizen of the United States and a resident of Vacaville, Solano County, California.

3. Plaintiffs MARY T. and RUBEN T. have been married for 51 years and have resided at 372 Elsinore Drive, Vacaville, California for 33 years.

4. At all times mentioned herein Defendant CITY OF VACAVILLE (hereinafter "VACAVILLE") is governmental municipality existing under the laws of the State of California. The Vacaville Police Department is an agency of VACAVILLE.

5. At all times mentioned herein, defendant NATHAN BENEVIDES ("hereinafter "BENEVIDES") was and is a police officer employed by the VACAVILLE. Plaintiffs are informed and believe that at all times mentioned herein BENEVIDES held the rank of Sargeant in the Vacaville Police Department. BENEVIDES is sued herein individually and in his capacity as a police officer, Sargeant, and/or employee of VACAVILLE. In engaging in the conduct described herein, BENEVIDES acted under color of law and in the course and scope of his employment by VACAVILLE. In engaging in the conduct described herein, BENEVIDES exceeded the authority vested in him as a police officer under the United States Constitution, the Constitution of the State of California, the laws of the State of California, and as an employee of VACAVILLE.

2

Complaint for Damages

6. At all times mentioned herein, defendant DANIEL TORRES ("hereinafter "TORRES") was and is a police officer employed by the VACAVILLE. Plaintiffs are informed and believe that at all times mentioned herein TORRES held the rank of Detective in the Vacaville Police Department. TORRES is sued herein individually and in his capacity as a police officer, Detective, and/or employee of VACAVILLE. In engaging in the conduct described herein, TORRES acted under color of law and in the course and scope of his employment by VACAVILLE. In engaging in the conduct described herein, TORRES exceeded the authority vested in him as a police officer under the United States Constitution, the Constitution of the State of California, the laws of the State of California, and as an employee of VACAVILLE.

7. At all times herein DOES 1 to 30 were and are employed as a police officers for VACAVILLE. Said defendant officers are sued herein individually and in their capacities as a police officer and/or employees of the VACAVILLE. In engaging in the conduct described herein, said defendant officers acted under color of law and in the course and scope of their employment with VACAVILLE. In engaging in the conduct described herein, said defendant officers exceeded the authority vested in them as a police officers under the United States Constitution, the Constitution of the State of California, the laws of the State of California, and as employees of VACAVILLE.

8. MARY T. and RUBEN T. are ignorant of the true names and capacities of defendants DOES 31 to 50, inclusive, and therefore sues these defendants by such fictitious names. MARY T. and RUBEN T. are informed and believe and thereon alleges that each

3

defendant so named is responsible in some manner for the injuries and damages suffered by the MARY T. and RUBEN T. as set forth herein. MARY T. and RUBEN T. will amend his complaint to state the true names and capacities of defendant DOES 31 to 50, inclusive, when each such name has been ascertained.

9. At all times mentioned herein, MARY T. and RUBEN T. are informed and believe and thereon alleges that each and every defendant was the agent, employee, and/or servant of every other defendant, and performed the acts complained of herein in the course and scope of such agency, servitude, and/or employment, and was acting with the consent, ratification, permission, knowledge, and authorization of each of the remaining defendants. All of the acts and/or conduct of each defendant alleged in the causes of action into which this paragraph is incorporated by reference were consented to, ratified, approved, and/or authorized by the defendants, and each of them.

10. In accordance with the appropriate regulations, codes, and statutes, including but not limited to the Government Code, MARY T. and RUBEN T. have complied with all administrative and/or governmental claims requirements under California law prior to the filing of this action.

**FACTUAL ALLEGATIONS**

11. Plaintiffs incorporate by reference as if fully set forth and alleged herein, para-graphs 1 through 10 of this complaint into the factual allegations.

12. On the afternoon of January 22, 2020, numerous VACAVILLE police officers , including BENEVIDES and TORRES, arriving in multiple police vehicles, appeared at

4

Complaint for Damages

Plaintiffs' residence and identified themselves as the police. RUBEN T., who is retired, was the only person at home. MARY T. was at work. No other persons resided at Plaintiffs' residence.

13. The presenting officers, including BENEVIDES and TORRES, told RUBEN T. they were there to search the house and vehicles in the driveway. RUBEN T. asked the officers, believed to include BENEVIDES and TORRES, if they had a valid search warrant. None of the officers responded and none of them presented a valid search warrant to RUBEN T. In fact, Plaintiffs are informed an believe that the presenting officers, including BENEVIDES and TORRES, did not have a warrant for the search of Plaintiff's home or the vehicles in the driveway of said home.

14. The presenting officers handcuffed RUBEN T. and removed him against his will from his home. The officers, including BENEVIDES and TORRES, forced RUBEN T. to sit outside in handcuffs in clear view of all of his neighbors. The officers, including BENEVIDES and TORRES, then proceeded to search the entire home, rifling through drawers, closets, and cabinets and rummaging through all of the Plaintiff's personal belongings. In addition, the offending officers searched, inspected, and rifled through at least one of Plaintiffs' vehicles parked in the driveway of their home.

15. At no time was RUBEN T. informed of the legal basis or authority for the search and his detention. Plaintiff is informed and believes the offending officer, including BENEVIDES and TORRES, had no search warrant and no probable cause to search the Plaintiff real and personal property and/or to handcuff and detain RUBEN T.

5

16. The search took approximately 45 minutes to 90 minutes at which time the offending officers brought RUBEN T. back into the house and removed the handcuffs.

17. The offending officers then departed the premises, leaving personal property strewn about the house, drawers and cabinets open, and the house in general disarray.

18. At the time of the subject unlawful search and seizure, RUBEN T. was recovering from intestinal surgery and was extremely weak. As a result of the surgery, he had lost a great deal of weight and had difficulty walking. RUBEN T. also suffered from hypertension, arthritis, and gout. He was extremely vulnerable state of health when he was removed from his home against his will in handcuffs and forced to sit in the cold. The handcuffs were locked onto his wrists with great force and caused him significant pain.

19. At the time of the subject unlawful search neither MARY T. nor RUBEN T. were in violation of the law or on probation and had neither had committed any crime. Moreover, the offending officers, including BENEVIDES and TORRES, had no reasonable suspicion or probable cause to enter Plaintiffs' house, search the premises/vehicles, to disrupt Plaintiffs' personal belongings, and/or seize and detain RUBEN T. in handcuffs and remove him against his will from his home.

20. The unlawful search and seizure revealed no contraband or evidence of a crime of any kind and nothing was removed from the home as evidence by the offending officers.

21. MARY T. returned from work shortly after 4:30 p.m. to find that her home had been violated and her husband unlawfully detained and handcuffed.

6

Complaint for Damages

22. Neither MART T. nor RUBEN T. were ever charged with or prosecuted for a crime as a result of the subject illegal search and seizure.

## FIRST CAUSE OF ACTION
### Violation of 42 U.S.C. Section 1983
(Mary T. and Ruben T. as against All Defendants)

23. Plaintiffs incorporate by reference as if fully set forth and alleged herein, paragraphs 1 through 22 of this complaint into the First Cause of Action.

24. In doing the acts complained of herein, defendants, including but not limited to VACAVILLE, BENEVIDES, TORRES, and the unknown officers, acted under color of law to deprive MARY T. and RUBEN T. of certain well established and clearly defined constitutional rights, including but no limited to:

a. The right to be free from unreasonable searches and seizures and/or excessive force, as guaranteed by the Fourth Amendment to the United States Constitution;

b. The right not to be deprived of life or liberty without due process of law, as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution;

c. The right to be free from the use of excessive force by police officers, which is guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution;

d. The right to equal protection of the laws, as guaranteed by the Fourteenth amendment to the United States Constitution; and,

e. The right to be free from interferences with the zone of privacy, as protected by the Fourth and Ninth Amendments to the United States Constitution.

7

Complaint for Damages

25.     As a legal result of such conduct, MARY T. and RUBEN T. have suffered damages as set forth herein.

## SECOND CAUSE OF ACTION
Assault and Battery
(Ruben T. as against all Defendants)

26.     Plaintiffs incorporate by reference as if fully set forth and alleged herein, paragraphs 1 through 25 of this complaint into the Second Cause of Action.

27.     By the conduct alleged herein, defendants, including but not limited to BENEVIDES, TORRES, and the unknown police officers, and each of them, placed RUBEN T. in immediate and imminent fear of death and/or bodily harm and thereby committed assault on RUBEN T.

28.     By the conduct alleged herein, defendants violently touched, restrained, and handled RUBEN T. in a harmful and/or offensive manner.

29.     The offensive conduct was without consent and/or legal justification and was malicious and oppressive.

30.     As a legal result of such conduct, RUBEN T. has suffered damages as set forth herein.

## THIRD CAUSE OF ACTION
False Arrest and/or Imprisonment
(Ruben T. as against All Defendants)

31.     Plaintiffs incorporate by reference as if fully set forth and alleged herein, paragraphs 1 through 30 of this complaint into the Third Cause of Action.

8

32.     By their conduct and actions specified herein, defendants including but not limited to BENEVIDES, TORRES, and the unknown officers, and each of them, falsely arrested and/or detained RUBEN T. without reasonable suspicion and/or probable cause such he was not free to go and was, in fact, wrongfully physically confined. RUBEN T. had committed no crime and there was no basis upon which defendants, including but not limited to BENEVIDES, TORRES, and the other unknown officers could have reasonably believed RUBEN T. had committed any crimes which would justify arrest, physical restraint, the use of force, and/or detention.

33.     The offending officers, including BENEVIDES and TORRES, and each of them, failed to observe proper police procedures in detaining RUBEN T. without reasonable suspicion and/or probable cause and exceeded the limits of their authority as police officers in falsely detaining, harassing, and/ or arresting RUBEN T. without probable cause and/or reasonable suspicion and in using excessive and unnecessary force against RUBEN T. Defendants' conduct was malicious and/or oppressive and otherwise would justify the imposition of punitive damages.

34.     As a legal result of such conduct, RUBEN T. has suffered damages as set forth herein.

### FOURTH CAUSE OF ACTION
Negligence
(MARY T. and RUBEN T. as against All Defendants)

35.     Plaintiffs incorporate by reference as if fully set forth and alleged herein, para-graphs 1 through 34 of this complaint into the Fourth Cause of Action.

9

36.     The conduct of the defendants, and each of them, as outlined herein, constitutes negligence in the performance of their duties as police officers and/or as citizens of the State of California. Defendants had a duty to act and/or refrain from acting in a way which might reasonably tend to injure the MARY T. and RUBEN T. Defendants, and each of them, including but not limited to BENEVIDES, and TORRES, and the other unknown offending officers breached this duty.

37.     As a legal result of such conduct, MARY T. and RUBEN T. have suffered damages as set forth herein.

**FIFTH CAUSE OF ACTION**
Intentional Infliction of Emotional Distress
(MARY T. and RUBEN T. as against All Defendants)

38.     Plaintiffs incorporate by reference as if fully set forth and alleged herein, paragraphs 1 through 37 of this complaint into the Fifth Cause of Action.

39.     The conduct of defendants, including but not limited to BENEVIDES, TORRES, and the unknown officers, and each of them, as set forth herein, was extreme and outrageous and beyond the scope of conduct which should be tolerated by citizens of a democratic and civilized society.

40.     Defendants' conducted themselves with the intention of causing the MARY T. and RUBEN T. extreme emotional distress and/or with conscious disregard for the probability that MARY T. and RUBEN T. would suffer severe emotional distress. Further, such conduct was malicious and/or oppressive such that punitive damages are warranted.

10

Complaint for Damages

41.     As a legal result of such conduct, MARY T. and RUBEN T. have suffered extreme and severe emotional distress and other damages as set forth herein.

## **PRAYER FOR RELIEF**

WHEREFORE, plaintiff prays for judgment against defendants, and each of them, jointly and severally, as follows:

1. For general damages according to proof;

2. For special damages according to proof;

3. For punitive damages as to the individual defendants according to proof;

4. For interest at the legal rate on all sums awarded as damages;

5. For attorney's fees incurred herein;

6. For case costs herein incurred;

7. For such other and further relief as the Court may deem proper.

DATED: January 21, 2021   LAW OFFICES OF EDWARD C. CASEY JR.

By: _____
EDWARD C. CASEY, JR.
Attorneys for Plaintiffs

11

Complaint for Damages

EXHIBIT B

# EXHIBIT B

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**FOR COURT USE ONLY**
**(SOLO PARA USO DE LA CORTE)**

**RECEIVED**

FEB 1 8 2021

**CITY ATTORNEY**
**CITY OF VACAVILLE**

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**

City of Vacaville, Nathan Benevides, Daniel Torres, and Does 1 to 50

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**

Mary Tomelloso, Ruben H. Tomelloso

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is: | CASE NUMBER |
| (El nombre y dirección de la corte es:)  Solano Superior Court | (Número del Caso): FCS055954 |

600 Union Avenue, Fairfield, California 94533

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Law Offices of Edward C. Casey Jr., 600 Grand Avenue, Suite 305, Oakland, CA  94610  510.251.2300

| DATE: | JAN 2 1 2021 | Clerk, by | D. HERTZ | Deputy |
| (Fecha) | | (Secretario) | | (Adjunto) |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☒ on behalf of (specify): City of Vacaville

   under: ☐ CCP 416.10 (corporation)  ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
   ☒ other (specify): CCP416.50 Public Entity  2/18/2021

4. ☐ by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

By Fax

EXHIBIT C

# EXHIBIT C

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**

City of Vacaville, Nathan Benevides, Daniel Torres, and Does 1 to 50

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**

Mary Tomelloso, Ruben H. Tomelloso

RECEIVED

FEB 2 2 2021 @1:37 pm

CITY ATTORNEY
CITY OF VACAVILLE

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is: (El nombre y dirección de la corte es) | CASE NUMBER (Número del Caso): |
|---|---|
| Solano Superior Court 600 Union Avenue, Fairfield, California 94533 | FCS055954 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Law Offices of Edward C. Casey Jr., 600 Grand Avenue, Suite 305, Oakland, CA  94610  510.251.2300

| DATE: (Fecha) | JAN 2 1 2021 | Clerk, by (Secretario) | D. HERTZ | , Deputy (Adjunto) |
|---|---|---|---|---|

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served
1. [X] as an individual defendant.
2. [ ] as the person sued under the fictitious name of (specify):

3. [ ] on behalf of (specify):

under: [ ] CCP 416.10 (corporation)   [ ] CCP 416.60 (minor)
[ ] CCP 416.20 (defunct corporation)   [ ] CCP 416.70 (conservatee)
[ ] CCP 416.40 (association or partnership)   [ ] CCP 416.90 (authorized person)
[ ] other (specify):
4. [ ] by personal delivery on (date): 2/18/2021

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

By Fax

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

| | FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE) |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

City of Vacaville, Nathan Benevides, Daniel Torres, and Does 1 to 50

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Mary Tomelloso, Ruben H. Tomelloso

RECEIVED

FEB 2 2 2021  @1:38 PM

CITY ATTORNEY
CITY OF VACAVILLE



**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es)*  Solano Superior Court<br>600 Union Avenue, Fairfield, California 94533 | CASE NUMBER:<br>*(Número del Caso):*  **FCS055954** |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Law Offices of Edward C. Casey Jr., 600 Grand Avenue, Suite 305, Oakland, CA  94610  510.251.2300

| DATE:<br>*(Fecha)*  **JAN 21 2021** | Clerk, by<br>*(Secretario)*  **D. HERTZ** | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons. (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☒ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☐ on behalf of (specify):

   under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other (specify):

4. ☐ by personal delivery on (date):   2/18/2021
                                        22

[SEAL]

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |
|---|---|---|

By Fax

EXHIBIT D

# EXHIBIT D



**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF SOLANO**

**CIVIL DIVISION**

☑ OLD SOLANO COURTHOUSE
580 Texas Street
Fairfield, CA 94533
(707) 207-7330

☐ HALL OF JUSTICE
600 Union Avenue
Fairfield, CA 94533
(707) 207-7330

---

Plaintiff(s):   MARY TOMELLOSO, et al

Case No.   FCS055954

**NOTICE OF CASE MANAGEMENT CONFERENCE ONE**
**AND**
**NOTICE OF ASSIGNMENT OF JUDGE FOR ALL PURPOSES**

Defendant(s): CITY OF VACAVILLE, et al

---

**PURSUANT TO LOCAL RULES AND BY ORDER OF THIS COURT, THIS MATTER HAS BEEN CALENDARED FOR CASE MANAGEMENT CONFERENCE ONE:**

Date:  5/3/2021                          Time:  9:30 a.m.

**THIS MATTER HAS BEEN ASSIGNED FOR ALL PURPOSES TO:**

Judge Wendy G. Getty, Department 8

**ALL HEARINGS WILL BE HELD AT:** 580 Texas Street, Fairfield, California 94533

---

The obligations of counsel, or any party not represented by an attorney, in regard to Case Management Conference One and any Case Management Conference Two set by the court are as follows:

1.    Service of the complaint must be within sixty (60) calendar days of the date of filing.

2.    Service and filing of any responsive pleadings must be within thirty (30) days after service of the complaint. The time for filing responsive pleadings may not be extended except as authorized by law. Appearance at the Case Management Conference does not excuse a litigant from the requirement of filing and serving a responsive pleading within this deadline.

3.    Plaintiff shall serve a copy of this *Notice of Case Management Conference One and Notice of Assignment of Judge for All Purposes ("Notice of CMC One")* on all defendants with the complaint.

4.    Any party serving a cross-complaint shall serve a copy of this *Notice of CMC One* on each cross-defendant with the cross-complaint.

5.    Any cross-complaint served after Case Management Conference One has been held shall have a *Notice of Case Management Conference Two* served with it.

6.    At least thirty days before the date set for Case Management Conference One, all counsel and self-represented parties shall comply with the meet and confer obligations of California Rules of Court, rule 3.724.

7.    A *Case Management Statement* (Judicial Council form CM-110) shall be filed with the court and served on all parties by each counsel by the 15th calendar day before the date set for Case Management Conference One.

8.    At least one party demanding a jury on each side of a civil case must pay a nonrefundable fee of $150.00 on or before the initial case management conference or as otherwise provided by statute.

---

**NOTICE OF CMC ONE AND NOTICE OF ASSIGNMENT OF JUDGE**

0900-CV  REV  01-01-2020

9.    At Case Management Conference One the court shall inform counsel and self-represented parties of the date, time and place for Case Management Conference Two and shall make any orders regarding what is expected that counsel and self-represented parties will accomplish in regard to the case before the filing of the Case Management Statement for Case Management Conference Two.

10.   Each counsel shall complete, file, and serve on all parties a completed Case Management Statement by the 15th calendar day before the date set for Case Management Conference Two.

11.   At any Case Management Conference, counsel shall be completely aware of all procedural, factual, and legal aspects of the case, and have full authority to discuss and resolve any issues that arise at the conference, including settlement of the case. This applies equally to both attorneys of record and specially-appearing counsel.

12.   The court may impose sanctions pursuant to Solano County Local Rules, rule 4.6, in the event that a Case Management Statement is not timely filed and/or served, or is not fully completed, or the requirements of Rule 4.6 are not met.

---

COUNSEL AND SELF-REPRESENTED PARTIES ARE OBLIGATED TO REVIEW AND COMPLY WITH LOCAL AND STATEWIDE RULES REGARDING CIVIL LITIGATION. They are available at:
*http://www.courts.ca.gov/rules.htm*
*http://www.solano.courts.ca.gov/LocalRulesofCourt.html*

---

### AFFIDAVIT OF SERVICE

I, the undersigned, declare under penalty of perjury that I am employed as a deputy clerk of the above-entitled court and not a party to the within-entitled action, and that I served this notice as follows:

☐     I personally served the person named below on (*date*):_____ at

        (*time*)_____.

        Name: _____

                ☐ Party          ☐ Attorney of Record          ☐ Representative

        ┌──────────────────────────────────────────────────────────────────────────────────┐
        │ I,_____, acknowledge receipt of a copy of this *Notice of Case* │
        │ *Management Conference One and Notice of Assignment of Judge for All Purposes.*        │
        │                                                                                    │
        │ Date: _____        _____       │
        │                                             Signature                              │
        └──────────────────────────────────────────────────────────────────────────────────┘

☑     I caused to be placed a true copy of this notice in an envelope which was then sealed and postage fully prepaid on the date shown below; that I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service; that the above stated document will be deposited in the Superior Court of California, County of Solano's outgoing mailbox for collection by county mail carriers on the date indicated.  Said envelope was addressed to the attorneys for the parties, or the parties, as shown below:

        EDWARD C. CASEY, JR., ESQ.
        LAW OFFICES OF EDWARD C. CASEY, JR
        600 GRAND AVENUE, SUITE 305
        OAKLAND, CA 94610

        ☐ See attached for additional service addresses

Date:  1/27/21                          Clerk of the Court
                                        Superior Court of California, County of Solano

                                        By: _____**D. HERTZ**_____
                                                        Deputy Clerk

---

**NOTICE OF CMC ONE AND NOTICE OF ASSIGNMENT OF JUDGE**

**CERTIFICATE OF SERVICE**

I, the undersigned, declare that I am employed in the County of San Francisco, California; I am over the age of eighteen years and not a party to the within cause; and my business address is 2749 Hyde Street, San Francisco, California 94109.

I am readily familiar with the practice of Bertrand, Fox, Elliot, Osman & Wenzel with respect to the collection and processing of pleadings, discovery documents, motions and all other documents which must be served upon opposing parties or other counsel in litigation.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

On **March 19, 2021**, I served the following document:

**DEFENDANTS' NOTICE OF REMOVAL OF SOLANO COUNTY SUPERIOR COURT CASE NO. FCS055954 UNDER 28 U.S.C. § 1441(A) [Federal Question]**

**CIVIL COVER SHEET**

on the following interested parties:

Edward C. Casey, Jr.                          *Attorneys for Plaintiffs*
Law Offices of Edward C. Casey, Jr.
600 Grand Ave. Suite 305
Oakland, CA 94610

Said service was performed in the following manner:

(✓)     **BY U.S. POSTAL SERVICE (Mail):** I placed each such document in a sealed envelope addressed at noted above, with first-class mail postage thereon fully prepaid, for collection and mailing at San Francisco, California, following the above-stated business practice, on this date.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed **March 19, 2021**, at San Francisco, California.


_____*/s/ Jonathan Revelo*_____
Jonathan Revelo