EDWARD C. CASEY, JR., ESQ.   CSB: 123702
Law Offices of Edward C. Casey, Jr.
66 Franklin Street, Suite 300
Oakland, California 94607
Telephone: 510.251.2300

Attorneys for Plaintiff
Mary Tomelloso and Ruben H. Tomelloso

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY TOMELLOSO, RUBEN H. TOMELLOSO,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>CITY OF VACAVILLE, NATHAN BENEVIDES, DANIEL TORRES and DOES 1 TO 50,<br><br>　　　　Defendants. | Case No. 2:21-cv-00507-MCE-JDP<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES**<br><br>1. Violation of 42 U.S.C. §1983<br>2. Assault and Battery<br>3. False Arrest/ Imprisonment<br>4. Negligence<br>5. Intentional Infliction of Emotional Distress<br><br>**JURY TRIAL DEMANDED** |

Come now, plaintiff, MARY TOMELLOSO and RUBEN H. TOMELLOSO (collectively "Plaintiffs"), and for causes of action against defendants, and each of them, allege as follows:

1

First Amended Complaint for Damages

1. At all times mentioned herein, the plaintiff MARY TOMELLOSO (hereinafter "MARY T.") is and at all times mentioned herein was, a citizen of the United States and a resident of Vacaville, Solano County, California.

2. At all times mentioned herein, the plaintiff RUBEN H. TOMELLOSO (hereinafter "RUBEN T.") is and at all times mentioned herein was, a citizen of the United States and a resident of Vacaville, Solano County, California.

3. Plaintiffs have been married for 51 years and have resided at 372 Elsinore Drive, Vacaville, California for 33 years.

4. At all times mentioned herein Defendant CITY OF VACAVILLE (hereinafter "VACAVILLE") is governmental municipality existing under the laws of the State of California. The Vacaville Police Department is an agency of VACAVILLE.

5. At all times mentioned herein, defendant NATHAN BENEVIDES ("hereinafter "BENEVIDES") was and is a police officer employed by VACAVILLE. Plaintiffs are informed and believe that at all times mentioned herein BENEVIDES held the rank of Sergeant in the Vacaville Police Department. BENEVIDES is sued herein individually and in his capacity as a police officer, Sergeant, and/or employee of VACAVILLE. In engaging in the conduct described herein, BENEVIDES acted under color of law and in the course and scope of his employment by VACAVILLE. In engaging in the conduct described herein, BENEVIDES exceeded the authority vested in him as a police officer under the United States Constitution, the Constitution of the State of California, the laws of the State of California, and as an employee of VACAVILLE.

2

First Amended Complaint for Damages

6. At all times mentioned herein, defendant DANIEL TORRES ("hereinafter "TORRES") was and is a police officer employed by the VACAVILLE. Plaintiffs are informed and believe that at all times mentioned herein TORRES held the rank of Detective in the Vacaville Police Department. TORRES is sued herein individually and in his capacity as a police officer, Detective, and/or employee of VACAVILLE. In engaging in the conduct described herein, TORRES acted under color of law and in the course and scope of his employment by VACAVILLE. In engaging in the conduct described herein, TORRES exceeded the authority vested in him as a police officer under the United States Constitution, the Constitution of the State of California, the laws of the State of California, and as an employee of VACAVILLE.

7. At all times herein DOES 1 to 30 were/are employed as a police officers for VACAVILLE. Said defendant officers are sued herein individually and in their capacities as a police officer and/or employees of VACAVILLE. In engaging in the conduct described herein, said defendant officers acted under color of law and in the course and scope of their employment with VACAVILLE. In engaging in the conduct described herein, said defendant officers exceeded the authority vested in them as a police officers under the United States Constitution, the Constitution of the State of California, the laws of the State of California, and as employees of VACAVILLE.

8. Plaintiffs are ignorant of the true names and capacities of defendants DOES 31 to 50, inclusive, and therefore sues these defendants by such fictitious names. Plaintiffs are informed and believe and thereon alleges that each defendant so named is responsible in some

3

First Amended Complaint for Damages

manner for the injuries and damages suffered by the Plaintiffs as set forth herein. Plaintiffs will amend their complaint to state the true names and capacities of defendant DOES 31 to 50, inclusive, when each such name has been ascertained.

9. At all times mentioned herein, Plaintiffs are informed and believe and thereon alleges that each and every defendant was the agent, employee, and/or servant of every other defendant, and performed the acts complained of herein in the course and scope of such agency, servitude, and/or employment, and was acting with the consent, ratification, permission, knowledge, and authorization of each of the remaining defendants. All of the acts and/or conduct of each defendant alleged in the causes of action into which this paragraph is incorporated by reference were consented to, ratified, approved, and/or authorized by the defendants, and each of them.

10. On July 10, 2020, Plaintiffs mailed a claim for money and/or damages to VACAVILLE pursuant to California Government Code ("Government Code") sections 900 et seq. The claim was made by filling out a pre-printed form made available to the public by VACAVILLE for claims against it. The claim form was executed by Plaintiffs' counsel as required by Government Code §910.2 and sent to VACAVILLE via certified mail, return receipt requested on July 10, 2020, less than six months after the incident which is the subject of this action, as required by Government Code §911.2. Per the green return receipt, the claim was received by VACAVILLE on July 13, 2020,

11. The claim sought money and/or damages for the conduct of VACAVILLE police officers, including BENEVIDES and TORRES, for the conduct alleged below. The claim

4

First Amended Complaint for Damages

stated that Plaintiffs were injured by the conduct of Defendants herein for causes of action including but not limited to violation of 42 U.S.C. 1983, negligence, assault, battery, intentional infliction of emotional distress, false arrest, and false imprisonment.

12. VACAVILLE rejected that claim by letter dated August 27, 2020. In the rejection letter, VACAVILLE City Attorney, Melinda C.H. Stewart, acknowledged VACAVILLE's receipt of the claim on July 13, 2020.

## FACTUAL ALLEGATIONS

13. Plaintiffs incorporate by reference as if fully set forth and alleged herein, paragraphs 1 through 12 of this complaint into the factual allegations.

14. On the afternoon of January 22, 2020, numerous VACAVILLE police officers, including BENEVIDES and TORRES, arriving in multiple police vehicles, appeared at Plaintiffs' residence and identified themselves as police. RUBEN T., who is retired, was the only person at home. MARY T. was at work. No other persons resided at Plaintiffs' residence.

15. The presenting officers, including BENEVIDES and TORRES, told RUBEN T. they were there to search the house and vehicles in the driveway. RUBEN T. asked the officers, believed to include BENEVIDES and TORRES, if they had a valid search warrant. None of the officers responded and none of them presented a valid search warrant to RUBEN T. In fact, Plaintiffs are informed an believe that the presenting officers, including BENEVIDES and TORRES, did not have a warrant for the search of Plaintiff's home or the vehicles in the driveway of said home.

5

16. The presenting officers handcuffed RUBEN T. and removed him against his will from his home. The officers, including BENEVIDES and TORRES, forced RUBEN T. to sit outside in handcuffs in clear view of all of his neighbors. The officers, including BENEVIDES and TORRES, then proceeded to search the entire home, rifling through drawers, closets, and cabinets and rummaging through all of the Plaintiff's personal belongings. In addition, the offending officers searched, inspected, and rifled through at least one of Plaintiffs' vehicles parked in the driveway of their home.

17. At no time was RUBEN T. informed of the legal basis or authority for the search and/or his detention. Plaintiffs are informed and believe the offending officer, including BENEVIDES and TORRES, had no search warrant and no probable cause to search the Plaintiff real and personal property and/or to handcuff and detain RUBEN T.

18. The search took approximately 45 minutes to 90 minutes at which time the offending officers brought RUBEN T. back into the house and removed the handcuffs.

19. The offending officers then departed the premises, leaving personal property strewn about the house, drawers and cabinets open, and the house in general disarray.

20. At the time of the subject unlawful search and seizure, RUBEN T. was recovering from intestinal surgery and was extremely weak. As a result of the surgery, he had lost a great deal of weight and had difficulty walking. RUBEN T. also suffered from hypertension, arthritis, and gout. He was extremely vulnerable state of health when he was removed from his home against his will in handcuffs and forced to sit in the cold. The handcuffs were locked onto his wrists with great force and caused him significant pain.

21. At the time of the subject unlawful search neither MARY T. nor RUBEN T. were in violation of the law or on probation and neither had committed any crime. Moreover, the offending officers, including BENEVIDES and TORRES, had no reasonable suspicion or probable cause to enter Plaintiffs' house, search the premises/vehicles, to disrupt Plaintiffs' personal belongings, and/or seize and detain RUBEN T. in handcuffs and remove him against his will from his home.

22. The unlawful search and seizure revealed no contraband or evidence of a crime of any kind and nothing was removed from the home as evidence by the offending officers.

23. MARY T. returned home from work shortly after 4:30 p.m. to find that her home had been violated and her husband unlawfully detained and handcuffed.

24. Neither MART T. nor RUBEN T. were ever charged with or prosecuted for a crime as a result of the subject illegal search and seizure.

**FIRST CAUSE OF ACTION**
Violation of 42 U.S.C. Section 1983
(Mary T. and Ruben T. as against All Defendants, excluding VACAVILLE)

25. Plaintiffs incorporate by reference as if fully set forth and alleged herein, paragraphs 1 through 24 of this complaint into the First Cause of Action.

26. In doing the acts complained of herein, defendants, including BENEVIDES, TORRES, and the unknown officers, acted under color of law to deprive MARY T. and RUBEN T. of certain well established and clearly defined constitutional rights, including but no limited to the following:

7

As to RUBEN T.: The right to be free from unreasonable searches and seizures and/or excessive force, as guaranteed by the Fourth Amendment to the United States Constitution;

As to MARY T.: The right to be free from unreasonable searches as guaranteed by the Fourth Amendment to the United States Constitution;

27. As a legal result of such conduct, MARY T. and RUBEN T. have suffered damages as set forth herein.

**SECOND CAUSE OF ACTION**
Assault and Battery
(Ruben T. as against all Defendants)

28. Plaintiffs incorporate by reference as if fully set forth and alleged herein, paragraphs 1 through 27 of this complaint into the Second Cause of Action.

29. By the conduct alleged herein, defendants, including but not limited to BENEVIDES, TORRES, and the unknown police officers, and each of them, placed RUBEN T. in immediate and imminent fear of death and/or bodily harm and thereby committed assault on RUBEN T.

30. By the conduct alleged herein, defendants violently touched, restrained, and handled RUBEN T. in a harmful and/or offensive manner.

31. The offensive conduct was without consent and/or legal justification and was malicious and oppressive.

32. As a legal result of such conduct, RUBEN T. has suffered damages as set forth herein.

//

8

First Amended Complaint for Damages

## THIRD CAUSE OF ACTION
False Arrest and/or Imprisonment
(Ruben T. as against All Defendants)

33. Plaintiffs incorporate by reference as if fully set forth and alleged herein, paragraphs 1 through 32 of this complaint into the Third Cause of Action.

34. By their conduct and actions specified herein, defendants including but not limited to BENEVIDES, TORRES, and the unknown officers, and each of them, falsely arrested and/or detained RUBEN T. without reasonable suspicion and/or probable cause such he was not free to go and was, in fact, wrongfully physically confined.  RUBEN T. had committed no crime and there was no basis upon which defendants, including but not limited to BENEVIDES, TORRES, and the other unknown officers could have reasonably believed RUBEN T. had committed any crimes which would justify arrest, physical restraint, the use of force, and/or detention.

35. The offending officers, including BENEVIDES and TORRES, and each of them, failed to observe proper police procedures in detaining RUBEN T. without reasonable suspicion and/or probable cause and exceeded the limits of their authority as police officers in falsely detaining, harassing, and/ or arresting RUBEN T. without probable cause and/or reasonable suspicion and in using excessive and unnecessary force against RUBEN T.  Defendants' conduct was malicious and/or oppressive and otherwise would justify the imposition of punitive damages.

36. As a legal result of such conduct, RUBEN T. has suffered damages as set forth herein.

## FOURTH CAUSE OF ACTION
Negligence
(MARY T. and RUBEN T. as against All Defendants)

37. Plaintiffs incorporate by reference as if fully set forth and alleged herein, paragraphs 1 through 36 of this complaint into the Fourth Cause of Action.

38. The conduct of the defendants, and each of them, as outlined herein, constitutes negligence in the performance of their duties as police officers and/or as citizens of the State of California. Defendants had a duty to act and/or refrain from acting in a way which might reasonably tend to injure the MARY T. and RUBEN T. Defendants, and each of them, including but not limited to BENEVIDES, and TORRES, and the other unknown offending officers breached this duty.

39. As a legal result of such conduct, MARY T. and RUBEN T. have suffered damages as set forth herein.

## FIFTH CAUSE OF ACTION
Intentional Infliction of Emotional Distress
(MARY T. and RUBEN T. as against All Defendants)

40. Plaintiffs incorporate by reference as if fully set forth and alleged herein, paragraphs 1 through 39 of this complaint into the Fifth Cause of Action.

41. The conduct of defendants, including but not limited to BENEVIDES, TORRES, and the unknown officers, and each of them, as set forth herein, was extreme and outrageous and beyond the scope of conduct which should be tolerated by citizens of a democratic and civilized society.

10

First Amended Complaint for Damages

42. Defendants' conducted themselves with the intention of causing the MARY T. and RUBEN T. extreme emotional distress and/or with conscious disregard for the probability that MARY T. and RUBEN T. would suffer severe emotional distress. Further, such conduct was malicious and/or oppressive such that punitive damages are warranted.

43. As a legal result of such conduct, MARY T. and RUBEN T. have suffered extreme and severe emotional distress and other damages as set forth herein.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff prays for judgment against defendants, and each of them, jointly and severally, as follows:

1. For general damages according to proof;

2. For special damages according to proof;

3. For punitive damages as to the individual defendants according to proof as to all causes of action except Negligence;

4. For interest at the legal rate on all sums awarded as damages;

5. For attorney's fees incurred herein for damages related to the First Cause of Action;

6. For case costs herein incurred;

7. For such other and further relief as the Court may deem proper.

DATED: December 29, 2021              LAW OFFICES OF EDWARD C. CASEY JR.


By: /s/ Edward C. Casey Jr.
EDWARD C. CASEY, JR.
Attorneys for Plaintiffs

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a jury trial on all claims herein pursuant to Fed. Rule Civ. P. 38.

By: /s/ Edward C. Casey Jr.
EDWARD C. CASEY, JR.
Attorneys for Plaintiffs

**CERTIFICATE/PROOF OF SERVICE BY MAIL**

I, Edward C. Casey Jr., declare that I am employed in the City Oakland, California. My business address is 66 Franklin Street, Suite 300, Oakland, California 94607. I am over the age of eighteen (18) years and am not a party to the within action. On December 29, 2021, I served the following documents:

FIRST AMENDED COMPLAINT FOR DAMAGES

United States District Court, Northern Dist. of California Case No. 2:21-cv-00507-MCE-JDP

on the parties listed below, by placing a true and correct copy thereof addressed as follows:

Richard W. Osman, Esq.
Lauren E. Wood, Esq.
BERTRAND, FOX ELLIOT, OSMAN & WENZEL
2749 Hyde Street
San Francisco, California 94109
rosman@bfesf.com
lwood@bfest.com

[ ] BY MAIL - I placed each such sealed envelope, with postage thereon fully prepaid for first-class mail, for collection and mailing at Oakland, California, following ordinary business practices, being familiar with the practice of THE LAW OFFICES OF EDWARD C. CASEY JR. for processing correspondence.

[ ] BY PERSONAL SERVICE - I caused each such envelope to be delivered by hand to the addressee(s) noted above.

[ X ] BY EMAIL - I caused said document to be transmitted electronically to the above email addresses.

[ X ] BY ECF/PACER electronic court filing and service of process.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: December 29, 2021              /s/ Edward C. Casey Jr.
                                      Edward C. Casey Jr.